RONALD P. BENNETT, ESQ. Town Attorney, Holland
We acknowledge receipt of your letter requesting legal opinions on two matters, one of which has been disposed of by letter addressed to you on January 21, 1977. Your other request relates to the mandatory removal from membership on town boards in towns of the second class of the town justices and the replacement of them with additional town councilmen. In connection with the change you inquire whether:
 "* * * an individual who is a Town Justice and Councilman may resign from one position after July 1, 1977 and permit appointment by the Town Board of an individual to serve in the vacated position until the next general election as required by Law."
There is no such office as "town justice and councilman." There is an office of town councilman and generally there are two of them in a town of the second class and four of them in a town of the first class, and these officers are members of the town boards. There is an office of town justice and generally there are two of them in towns of the first class who do not sit as members of the town board and there are two of them in towns of the second class who do sit on the town board and whose duties are both judicial and legislative. See Town Law §§ 20 and 31 and present Town Law § 60 as the same is in effect until July 1, 1977. Town justices in towns of the second class perform the same functions in the town as the town councilmen and in addition perform a judicial function but they are not "town justices and councilmen": they are town justices; the dual functions of a town justice in a town of the second class are inextricably intertwined except as a town has taken action under the present Town Law §§ 60 and 60-a to separate the two. This action is explained at more length in informal opinions of this office dated October 1, 1976, and November 29, 1976, addressed to Justice J. Philip Zand. We enclose copies of those opinions herewith and quote two paragraphs from the first of such opinions:
 "You also inquire whether the mandatory change under the pending law will be expedited in its complete implementation if a vacancy occurs in the office of a town justice, which term would normally expire on December 31, 1979.
 "In our opinion, a vacancy in the office of town justice is not relevant to the date of effectiveness of the pending law or of alteration in the functions or duties of a town justice. The applicability of the pending law and its implementation are keyed to the date of commencement of a regular four year term of office and not to the date of creation of a vacancy in office or the time of selection of a successor to complete a term of office."
We also enclose herewith a copy of an informal opinion of this office published in 1975 Op. Atty. Gen. 339, relating to resignations, vacancies in office and appointments to fill vacancies, which you may find to be of some assistance to you in the event a member of your board does resign.
In our opinion, there can be no resignation by a town justice in a town of the second class of just one of the two functions above described. A resignation would have to be a resignation of the office and the office is the office of town justice, a portion of the functions of which is to sit as a member of and act on the town board.